CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 18 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS BRICE JORDAN, | |
| Petitioner, | Case No. 7:10CV00065 |
| v. | MEMORANDUM OPINION |
| RONNIE SPRINKLE, SHERIFF, BOTETOURT COUNTY, VIRGINIA, | By: Glen E. Conrad<br>United States District Judge |
| Respondent. | |

Petitioner Douglas Brice Jordan, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus without citing specific statutory authority under which he wishes to proceed.[1] Jordan alleges that the respondent, the sheriff of Botetourt County, Virginia, is detaining him unlawfully under a state-ordered sentence which Jordan has already served. Because it is clear from the face of the pleading that Jordan has not exhausted state court remedies as to his current claims, the court finds that his petition must be dismissed without prejudice.

## Background

Jordan alleges the following sequence of events on which his claims are based. He was sentenced on May 31, 2005 in the state of Georgia to ten years imprisonment, suspended upon service of three years with the remainder to be served on probation. He completed the sentence on April 14, 2008. While he was serving this Georgia sentence, authorities in Botetourt County, Virginia lodged a detainer against him, based on a state felony charge of obtaining money by false pretenses. The United States Marshals Service (USMS) also lodged a detainer against him for violation of federal supervised release. Under the Interstate Agreement on Detainers Act

---

[1] For administrative purposes, the court conditionally filed Jordan's petition as one arising under 28 U.S.C. § 2254. As he alleges that he has no sentence left to serve, his petition might also be classified as one arising under 28 U.S.C. § 2241. In any event, because he has not exhausted state court remedies, his petition is properly dismissed without prejudice, regardless of whether it arises under § 2241 or § 2254.

(IADA), Jordan was temporarily transported to the Botetourt County Circuit Court, where he pleaded guilty, pursuant to a plea bargain, and on May 23, 2006, received a sentence of five years, consecutive to other sentences, but suspended upon service of six months and one year of probation. After sentencing, Virginia authorities returned Jordan to the Georgia Department of Corrections and again lodged a detainer against him.

Jordan completed his Georgia sentence on April 17, 2008. The Botetourt Sheriff's Office failed to send an agent to Georgia to take custody of Jordan under the Botetourt detainer so that he could serve his Virginia sentence. Instead, Jordan was turned over to federal authorities and was sentenced on May 23, 2008 in the United States District Court for the Eastern District of Missouri to 24 months, with a maximum release date of January 10, 2010.

In November 2009, federal authorities transferred Jordan to a halfway house in Greensboro, North Carolina, where he was to serve the last ten percent of the federal sentence. Then, on January 7, 2010, Jordan was removed from the halfway house by the Federal Bureau of Prisons and transferred to the Piedmont Regional Jail in Farmville, Virginia, based on a detainer lodged against him by Botetourt County authorities. Jordan is now serving the Botetourt sentence from May 23, 2006.

In January 2010, Jordan filed a motion in the Botetourt County Circuit Court, arguing that he had previously served jail time which should have been credited toward the Botetourt sentence and that based on the time served, the sentence had been satisfied. The Circuit Court denied his motion. Jordan then filed the instant petition in this court, raising his prior custody credit claim that he should have been released from the Botetourt sentence for time served. He also argues that Botetourt authorities violated unspecified provisions of the IADA when they failed to take him into custody pursuant to the detainer in April 2008 and when they waited to file a detainer against Jordan with federal authorities until just before he completed the federal sentence. As relief in this action, Jordan asks the court to order the Botetourt County authorities to grant him credit for time served, to issue a temporary injunction against the continued execution of the state

sentence so that his sentencing claims can be resolved before his scheduled release date of April 30, 2010, or order the Botetourt authorities to expedite a ruling on the issue.

## Discussion

Federal courts may not grant habeas relief to a person confined pursuant to a state court criminal judgment or in relation to ongoing state court criminal proceedings until that person has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (recognizing requirement that state habeas petitioners exhaust state court remedies before proceeding in federal court under 28 U.S.C. § 2241). Generally, the exhaustion requirement is not satisfied until petitioner has sought review of the claim in the highest state court with jurisdiction to consider it. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation omitted); Slayton v. Smith, 404 U.S. 53 (1971) (requiring dismissal of § 2254 petition without prejudice where petitioner failed to exhaust state court remedies). The burden of proving exhaustion lies with the petitioner. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citing cases).

It is clear from the face of Jordan's petition that other than the unspecified motion that he filed in January 2010 in the Botetourt Circuit Court, he has not had time to present his current claims, and have those claims resolved, in the Supreme Court of Virginia. Under Virginia law, he has available remedies by which to challenge the validity of his current confinement. First, he can file a petition for a writ of habeas corpus with the Circuit Court where he was convicted, if he has not already done so, with a subsequent appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. In the alternative, he can file a petition for a writ of habeas corpus directly with the Supreme Court of Virginia. Id. In pursuing one of these state court remedies, Jordan could also raise motions similar to his requests in this petition, seeking a

stay of the execution of the sentence and/or an expedited ruling on his prior custody credit claims. As Jordan does not demonstrate that he has exhausted state court remedies as to his current habeas claims, however, the court finds it appropriate to dismiss his petition here without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 18th day of February, 2010.

/s/ Jane Conrad
United States District Judge